ANDREWS, J.,
dissenting:
I am unable to assent to the views expressed by the majority of the court in this case.
The case of Marr vs. Enloe, decides that An Act of the Legislature, conferring on the County Courts unlimited power to levy taxes to meet the current expenses of the county, is invalid, it being a delegation of legislative authority. But it is expressly held in that case, that a statute authorizing the County Courts to levy a tax of 12J cents per acre on lands, for contingent expenses of the county, is not -unconstitutional. The reasoning of the Court in that case, is applied mainly to considerations of public policy. ISTo authority is referred to iu support of it; and I think the decis *134 ion, so far as it is adverse to the constitutionality of such legislation, is opposed both to reason and to authority. The question has been often discussed, and long settled elsewhere, and I do not propose to enter into the discussion at length here: See Cooley Const. Lim., 191.
It is possible that the doctrine, that the Legislature cannot confer the power of taxation upon counties or other municipal organizations, without express authority to that effect in the Constitution, has been so. long and so universally assented to and acquiesced in as the settled law of this State, that it is now too late to question it; though it is a serious question, how far that consideration alone should influence a court to set aside or disregard a clear and express enactment of the Legislature. But, however it may be, I am unwilling to hold, that we are authorized to declare the Act now in question, invalid, upon the mere authority of Marr vs. Enloe: See 8 Humph., 8; 9 Humph., 266.
The argument that, as the Convention which framed the Constitution of 1834, expressly confers upon the Legislature the right to authorize taxation by counties and incorporated towns, without using any more general terms, it must be considered as a prohibition against conferring such power to tax upon any other municipal organization, has, in my opinion, little weight, in view of the fact, that, at the time of the formation of that Constitution, no civil districts or local Boards of Education existed in this State; and that this power was, by the Constitution, conferred upon the only municipal organizations then existing.